Filed 12/15/23 Sunstate Equipment Co. v. Eagle Environmental & Construction CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIRST APPELLATE DISTRICT

### DIVISION THREE

| | |
|---|---|
| SUNSTATE EQUIPMENT CO., LLC, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> EAGLE ENVIRONMENTAL & CONSTRUCTION, <br><br> Defendant and Respondent. | A167708 <br><br> (City & County of San Francisco Super. Ct. No. CGC-22-598228) |

Plaintiff Sunstate Equipment Co., LLC (Sunstate) obtained a default judgment against defendant Eagle Environmental & Construction, a corporation, dba Eagle Environmental Construction (Eagle) after Eagle did not make timely payments for construction equipment it had rented from Sunstate. The parties had agreed to a contractual interest rate of 1.5 percent a month if payments were late. Concluding this rate was excessive and subject to the law against usury, the trial court instead awarded interest of 7 percent per year. We agree with Sunstate that this ruling was error, and we accordingly reverse.[1]

---

[1] Eagle has not filed a respondent's brief.

## FACTUAL AND PROCEDURAL BACKGROUND

It appears that Sunstate is in the business of renting construction equipment. A written account agreement between Sunstate and Eagle provided that Eagle would make payments within 30 days of issuance of an invoice for purchase or rental of equipment, and that payments not made within that period would be assessed a service charge at a rate of 1.5 percent per month, or 18 percent a year. Over the course of two months in 2020, Eagle incurred charges of $106,944.99 for equipment rental, but it did not make the required payments.

Sunstate brought this action in February 2022 alleging four causes of action based on Eagle's alleged failure to pay for the equipment rental. It requested interest at the contractual rate of 18 percent a year. Eagle did not answer the complaint, and Sunstate requested entry of default.

A default prove-up hearing took place on March 1, 2023. Eagle did not appear at the hearing. The trial court found defendant had failed to make payments of $106,944.99. However, it concluded the contractual interest rate was excessive and unconscionable and declined to award it. Instead, it awarded interest at a rate of 7 percent a year "based on the California Constitution usury rules," for total interest of $21,412.44. Sunstate appealed the resulting judgment.

## DISCUSSION

Sunstate contends the trial court erred in concluding the interest rate specified in the contract was subject to the usury laws and that it was excessive and unconscionable. The facts before us are undisputed, and we review these contentions independently. (*Ghirardo v. Antonioli* (1994) 8 Cal.4th 791, 799 (*Ghirardo*).)

Under Civil Code section 3287,[2] a trial court must award prejudgment interest from the time there exists both a breach of contract and a liquidated claim. (*Watson Bowman Acme Corp. v. RGW Construction, Inc.* (2016) 2 Cal.App.5th 279, 293.) The default rate of interest is 10 percent per year, but the parties may agree to another legal rate. (§ 3289.)

Rather than awarding interest at either 10 percent or at the agreed-upon rate of 18 percent a year, the trial court applied the rate specified in the section of the California Constitution governing usury. Under the California Constitution, as a general matter the interest rate "upon the *loan or forbearance* of any money, goods, or things in action . . . shall be 7 percent per annum." (Cal. Const., art. XV, § 1, italics added.) Usury is " ' "the exacting, taking or receiving of a greater rate than is allowed by law, for the use or loan of money." ' " (*Hardwick v. Wilcox* (2017) 11 Cal.App.5th 975, 978 (*Hardwick*).)[3]

Sunstate contends the usury law is inapplicable. Sunstate is correct. Our high court has held that "interest payments on overdue commercial accounts are not subject to the usury law." (*Southwest Concrete Products v. Gosh Construction Corp.* (1990) 51 Cal.3d 701, 704 (*Southwest Concrete*).) The contract at issue in *Southwest Concrete* called for interest of 18 percent per year on late payments. (*Ibid.*) The court explained that the usury law limits the interest payable " '[f]or any loan or forbearance of any money,' "

---

[2] All statutory references are to the Civil Code.

[3] When a loan is usurious, the creditor is entitled to repayment of the principle sum only, forfeiting its entitlement to any interest. (*Hardwick*, *supra*, 11 Cal.App.5th at p. 979.) In light of our conclusion that the usury law does not apply to the case before us, we need not consider whether it was proper for the trial court to award interest at 7 percent if it concluded the contractual rate was usurious.

and that, to determine whether a transaction is a loan or forbearance, "we look to the substance rather than the form of the transaction. 'In all such cases the issue is whether or not the bargain of the parties . . . has as its true object the hire of money at an excessive rate of interest.' " (*Southwest Concrete*, at p. 705; see *Ghirardo, supra*, 8 Cal.4th at pp. 801–802 ["Without a loan or forbearance, usury cannot exist"].)

Furthermore, as the court in *Southwest Concrete* explained, the usury law has many exceptions, one of them applicable where excessive interest is caused by a contingency under a debtor's control, such as failure to make payment in a timely manner. (*Southwest Concrete, supra*, 51 Cal.3d at pp. 705–708; accord, *O'Connor v. Televideo System, Inc.* (1990) 218 Cal.App.3d 709, 716–717 (*O'Connor*); *Fox v. Federated Department Stores, Inc.* (1979) 94 Cal.App.3d 867, 884 (*Fox*).) In *Southwest*, the late charge for overdue payments was not subject to the usury law because it "d[id] not constitute payment for the 'loan or forbearance of any money,' " and it was additionally exempt under the principle that "a debtor by voluntary act cannot render an otherwise valid contract usurious." (*Southwest Concrete*, at p. 709.)

The same is true here. Eagle's obligation to pay interest at 1.5 percent a month was not based on a "loan or forbearance of any money" (Cal. Const., art. XV, § 1), and it arose only if Eagle did not pay Sunstate's invoices when due, a matter within its control. The trial court erred in concluding the contractual interest rate was usurious.

That does not end our inquiry, however. Even if an interest charge is not usurious, it may still be an invalid liquidated damages provision or penalty under section 1671, which provides in pertinent part that "a provision in a contract liquidating the damages for the breach of the contract

4

is valid unless the party seeking to invalidate the provision establishes that the provision was unreasonable under the circumstances existing at the time the contract was made." (§ 1671, subd. (b); *O'Connor, supra*, 218 Cal.App.3d at p. 718.) This statute imposes on the party seeking to avoid the damage provision the burden to prove it was unreasonable under the circumstances. (*Krechuniak v. Noorzoy* (2017) 11 Cal.App.5th 713, 726.) Here, there is no evidence at all that the circumstances at the time of the agreement were such that the contractual interest rate of 1.5 percent a month was unreasonable or unrelated to the cost of collecting overdue payments. (Cf. *Fox, supra*, 94 Cal.App.3d at p. 885 [1.5 percent late charge did not fully cover substantial costs of processing delinquent accounts].)

The trial court's decision could thus be upheld only under the view that an annual interest rate of 1.5 percent a month is excessive as a matter of law under any circumstances. But appellate courts have more than once upheld precisely that rate of interest for late payments or unpaid account balances. (See, e.g., *O'Connor, supra*, 218 Cal.App.3d at pp. 718–719; *Fox, supra*, 94 Cal.App.3d at p. 885; see also *Southwest Concrete, supra*, 51 Cal.3d at p. 709 [limiting discussion to usury and not considering whether interest was liquidated damage provision].) In the absence of evidence that the interest rate was unreasonable when the parties entered into the agreement, the trial court erred in finding it excessive. Sunstate is entitled to the contractual interest rate of 1.5 percent a month.

## DISPOSITION

The judgment is reversed. On remand, the trial court is directed to recalculate and award interest at the contractual rate and enter a new judgment accordingly. Sunstate shall recover its costs on appeal.

TUCHER, P.J.

WE CONCUR:

PETROU, J.
RODRÍGUEZ, J.

*Sunstate Equipment Co., LLC v. Eagle Environmental & Construction* (A167708)

6